UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

HUNTER'S PRECISION CONSTRUCTION & ROOFING, INC.
dba PRECISION CONSTRUCTION & ROOFING,

      Plaintiff,

v.

THE TRAVELERS HOME AND MARINE
INSURANCE COMPANY,

      Defendant.

---

## NOTICE OF REMOVAL

---

TO:    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant The Travelers Home and Marine Insurance Company ("Travelers") removes this action from the District Court, City and County of Denver, State of Colorado, to the United States District Court for the District of Colorado on the ground that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a). In support of removal, Travelers states as follows:

## BACKGROUND

1.      On October 26, 2020, Plaintiff Hunter's Precision Construction & Roofing, Inc., dba Precision Construction & Roofing ("Plaintiff") commenced this action in the District Court, City and County of Denver, State of Colorado, Case No. 2020CV33625 ("State Court Action"). True and accurate copies of all process, pleadings, orders, and other papers filed with the State

Court Action are being submitted herewith, as required by 28 U.S.C. § 1446(a),

D.C.COLO.LCivR 81.1, and this Court's electronic case filing procedures, version 6.1, section

IV, 4.4(b).

2.      Travelers was served with Plaintiff's Summons and Complaint ("Complaint") on

October 26, 2020.

3.      Plaintiff's Complaint sets forth three claims for relief: (i) breach of contract;

(ii) breach of duty of good faith and fair dealing (bad faith); and (iii) unreasonable delay in

violation of C.R.S. §§ 10-3-1115 and -1116. (Compl. ¶¶ 31-55.)

4.      Travelers issued insurance policy number OCHV26-996523354-633-1 ("Policy")

to named insureds Carlos and Gabriella Bossy ("Insureds") for the real property located at

250 North Ogden Street, Denver, Colorado 80218 ("Property"). (*Id.* ¶ 13.) The Policy was in

effect from September 20, 2018, to September 20, 2019.

5.      According to the Complaint, Travelers' Insureds assigned Plaintiff all rights,

benefits, and proceeds under the Policy. (*Id*. ¶ 3.)

6.      The Complaint alleges that on or about May 27, 2019, the Property sustained

damage from a hailstorm ("Incident"). (*Id.* ¶ 17-18.) A representative of Carlos Bossy and

Gabriella Bossy filed a claim with Travelers for the alleged damage resulting from the Incident

("Claim"). (*Id.* ¶ 20.)

7.      The Complaint's allegations pertain to Travelers' handling of the Insureds' Claim

related to the Incident.

**GROUNDS FOR REMOVAL**

### I.      REMOVAL IS TIMELY

8.      This Notice of Removal is filed within 30 days after Travelers was served with the Complaint on October 26, 2020. (*See supra* ¶ 2.) Removal of this action is therefore timely under 28 U.S.C. § 1446(b). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (stating that "defendant's period for removal will be no less than 30 days from service").

9.       Pursuant to 28 U.S.C. § 1332, the Complaint asserts claims over which this Court has original jurisdiction. Under 28 U.S.C. § 1441 and 1446, the State Court Action may be removed because it is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### II.      COMPLETE DIVERSITY EXISTS BETWEEN PLAINTIFF AND TRAVELERS

10.      "For diversity, a corporation is a citizen of its state of incorporation and the state where its principal place of business is located." *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015). A notice of removal need only plausibly allege facts establishing diversity jurisdiction. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Extrinsic proof of facts establishing diversity jurisdiction may be required only when the plaintiff challenges or the court questions it. *See id.*

11.      Plaintiff is a Texas corporation with its principal place of business in North Richland Hills, Texas. (*See* Colorado Secretary of State Summary, attached as **Exhibit 1**.) Plaintiff has recently filed litigation that is currently pending in this Court and has pled facts in that litigation demonstrating its Texas citizenship. *Hunter's Precision Construction & Roofing,*

*Inc. v. State Farm Fire & Cas. Co.*, No. 1:20-cv-708 (D. Colo. Mar. 14, 2020) (Compl. ¶ 1, ECF

No. 1). Those same facts remain true today. Plaintiff is a citizen of Texas.

12.     Travelers is an insurance company organized under the laws of the State of

Connecticut with its principal place of business in the State of Connecticut. Travelers is a citizen

of Connecticut.

13.     Because the parties are citizens of different states and Travelers is not a citizen of

Colorado, complete diversity of citizenship exists. *See* 28 U.S.C. §§ 1332(a)(1), 1332(c)(1), and

1441(b)(2).

## III.   THE AMOUNT IN CONTROVERSY EXCEEDS $75,000, EXCLUSIVE OF INTEREST AND COSTS

14.     Under 28 U.S.C. §§ 1332(a) and 1446(c)(2), the removing party must show that

the amount in controversy exceeds $75,000, exclusive of interest and costs. "When the plaintiff's

complaint does not state the amount in controversy, the defendant's notice of removal may do

so." *Dart Cherokee*, 574 U.S. at 84 (citing 28 U.S.C. § 1446(c)(2)(A)). The defendant's

statement may be "short and plain" and "need not contain evidentiary submissions." *Id.*

15.     "[A] defendant's notice of removal need include only a plausible allegation that

the amount in controversy exceeds the jurisdictional threshold." *Id*. at 89. "Evidence establishing

the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court

questions, the defendant's allegation." *Id*.

16.     "Only if it is 'legally certain' that the recovery . . . will be less than [$75,000] may

the case be dismissed." *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (quoting

*Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006)).

17.     Plaintiff claims Travelers breached its insurance contract and is the direct cause of damage to Plaintiff. (*Id.* ¶ 40.)

18.     Plaintiff claims Travelers' breach of contract damaged Plaintiff in the following ways: (1) loss of policy benefits owed to indemnify Plaintiff for the entire loss; (2) costs to repair, restore, and/or replace the significant damage to the Property, and future costs to remediate such damage; (3) incidental and consequential damages, within the contemplation of the parties in the event of breach; and (4) other expenses incurred as a result of Travelers' breach of its contractual obligations, including costs and fees. (*Id.* ¶ 40.)

19.     During the Claim, the Insureds' public adjuster demanded payment from Travelers in the amount of $248,901.08 in actual cash value for the Claim for repairs to the Property allegedly due to hail that occurred on or about May 27, 2019.

20.     Based on Travelers' investigation and information obtained as of October 31, 2019, Travelers declined to extend coverage for the Claim and declined to pay $248,901.08 to the Insureds.

21.     Travelers' investigation determined that no hail damage had occurred in the recent past, including on May 27, 2019, to the Property's clay tile roof. Further, the damage to the Property's gutters, downspouts, painted masonry, and other items were not caused by hail impact.

22.     Travelers denies that it acted in bad faith and denies that it unreasonably delayed payment to Plaintiff.

23.     Plaintiff seeks relief under C.R.S. §§ 10-3-1115 and -1116. (*Id.* ¶¶ 50-53.)

24.     In the event that Plaintiff prevails under C.R.S. § 10-3-1116, Plaintiff seeks two times the covered benefit, attorney fees, and costs (i.e., an additional $497,802.16 beyond the contract benefits listed above). (*Id.* ¶ 53.) The Tenth Circuit has interpreted C.R.S. § 10-3-1116 to permit insureds to recover double the covered insurance benefit. *Home Loan Inv. Co. v. St. Paul Mercury Ins. Co*., 827 F.3d 1256, 1264 (10th Cir. 2016). Plaintiff is therefore seeking more than $75,000, exclusive of interest and costs.

25.     Additionally, Plaintiff seeks to recover an award of attorney fees under C.R.S. § 10-3-1116. Plaintiff's demand for attorney fees further confirms that the amount in controversy exceeds $75,000, exclusive of interest and costs. "[W]hen a statute permits recovery of attorney's fees a reasonable estimate may be used in calculating the necessary jurisdictional amount in a removal proceeding based upon diversity of citizenship." *Miera v. Dairyland Ins. Co.*, 143 F. 3d 1337, 1340 (10th Cir. 1998) (citing *Mo. State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933)).

26.     Finally, Plaintiff's Civil Cover Sheet filed in state court confirms that the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff indicated that it seeks "[a] monetary judgment over $100,000," excluding interest and costs. (*See* Plaintiff's State Court Civil Cover Sheet submitted herewith.) Plaintiff's representation on its Civil Cover Sheet establishes for the purposes of federal diversity jurisdiction that Plaintiff seeks in excess of $75,000 in disputed damages, exclusive of interest and costs. *See Paros Props. LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1272–73 (10th Cir. 2016) (noting that state court civil cover sheet unambiguously indicated the amount in controversy was more than $100,000 and that there was

"no reason not to credit an assertion by an officer of the court on a matter of significant consequence in the state proceeding").

27.     In light of the foregoing, the amount in controversy exceeds $75,000, exclusive of interest and costs.

## VENUE

28.     Venue is proper in the District Court of Colorado pursuant to 28 U.S.C. § 1391(b)(2) and 1441(a).

## NOTICE OF REMOVAL

29.     Pursuant to 28 U.S.C. § 1446(a), the filing of a copy of this notice of removal with the clerk of the state court effects the removal of the State Court Action. A copy of the notice of filing of notice of removal filed contemporaneously in the State Court Action is attached as **Exhibit 2**.

## NO WAIVER

30.     No waiver and no admission of fact, law, or liability, including without limitation the amount of damages, if any, is intended by this notice of removal, and all defenses, affirmative defenses, and rights are reserved.

## LIMITED DISCOVERY

35.     To the extent the Court has any questions regarding the issues of diversity of citizenship between the parties or the amount in controversy, Travelers reserves the right to conduct limited discovery on the issue of diversity jurisdiction, as allowed by *McPhail*, 529 F.3d at 954.

## CONCLUSION

For the reasons set forth above, Travelers removes this action to the United States District Court for the District of Colorado.

Dated:  November 25, 2020.                          Respectfully submitted,


*s/ Evan Bennett Stephenson*
Evan Bennett Stephenson
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202
Telephone:   303.244.1800
Facsimile:    303.244.1879
Email:   stephenson@wtotrial.com

Attorneys for Defendant
The Travelers Home and Marine
Insurance Company

8

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on November 25, 2020, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system, and I have caused the foregoing to be sent to the following email address:

**Robert D. Green**
green@greentriallaw.com

*s/ Evan Bennett Stephenson*